1837.
SOUZA
v.
BELCHER.

---

### Souza v. Belcher et al.

---

Where discovery is incidental to relief, a demurrer, which is well taken to the relief, holds good as to the discovery.

Demurrer allowed where the complainant, plaintiff at law, had levied on property under a *fi. fa.* and it was claimed by a third party who brought replevin against the sheriff and the complainant asked for discovery as to ownership and that the action of replevin might be stayed—the bill not showing any want of evidence at law.

---

*May* 18, 1837.

*Demurrer. Remedy at Law.*

THE bill showed that the complainant, Moses Souza, had obtained a judgment at law against the defendant Richard Belcher and, under a *fi. fa.*, had caused the sheriff of the city and county of New-York (John Hillyer) to levy upon furniture and stock in trade in the possession of Belcher. This property thus taken under the execution was claimed by the defendant Simpson, who had brought an action of replevin against the sheriff. The bill insisted that the property did nevertheless belong to Belcher and that the claim and action by Simpson were collusive and commenced and made in fraud of the complainant's execution. Prayer that the action might be stayed and the furniture and goods made liable to a levy under the *fi. fa.* and Belcher be decreed to pay the judgment, with interest and costs.

The defendants put in a demurrer, which was now argued.

Mr. *Judah,* in support of the demurrer.

Mr. *Brewster,* contra.

THE VICE-CHANCELLOR :—This is a bill for discovery and
relief.

If it is a case where a bill ought not to be entertained for
the purposes of relief, then the demurrer, which is to the whole
bill, is good as respects the discovery alone.

The rule is, that where a bill prays discovery and relief, a
demurrer well taken as to the relief, holds good as to disco-
very also, provided the discovery is incidental to the relief :
Hare on Discovery, 6.

Is this then a case for relief in this court ?

Although the court will entertain a bill to aid an execution
at law, by removing impediments to the levying of the execu-
tion where fraudulent obstructions are interposed, yet I think
this is not a case where a resort to this court is at all neces-
sary. The plaintiff had levied his execution ; and the pro-
perty was in possession of the sheriff, who was proceeding
according to law to sell. He was satisfied with the complain-
ant's bond of indemnity and was not deterred from going on
to discharge his duty under the execution by the claim set up
on the part of Simpson. The latter then brought replevin ;
and that action involves the question of title. According to
the statements in the bill, the title is, *prima facie,* in Belcher
the debtor ; and the burden of proof is on Simpson to show
*the title in himself and do away with the presumption of fraud.*
The question of fraud, upon which the real ownership depends,
can more properly be tried in that action than here ; and al-
though the action is against the sheriff nominally, yet the com-
plainant, being the party in interest, will be at liberty to defend
the action in behalf of the sheriff. At least, there is no alle-
gation to the contrary in this bill—nor does it appear that the
complainant is in want of evidence of the circumstances which
he alleges to defeat the claim of Simpson. He can examine
Belcher as a witness on the trial at law and, if a discovery is
necessary from Simpson himself, he can obtain it upon filing
a bill proper for that purpose. As the case now stands, I am
of opinion the demurrer is well taken.

Order, allowing the demurrer, with costs.